IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FIRST MATLOCK, L.L.C. § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 4:17-cv-495 |
| NATIONWIDE PROPERTY & CASUALTY § | |
| INSURANCE COMPANY AND § | |
| SIDNEY DAVIS § | |

## NOTICE OF REMOVAL

Defendant Nationwide Property and Casualty Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal of the lawsuit captioned *First Matlock, LLC v. Nationwide Property and Casualty Insurance Company and Sidney Davis*; Cause No. 236-292176-17, in the 236th Judicial District of Tarrant County, Texas.

## I.
## INTRODUCTION

1.      This lawsuit arises out an insurance claim for hail damage to a commercial property owned by Plaintiff First Matlock, LLC ("Plaintiff") in Arlington, Texas. Under application of federal pleading standards the allegations asserted against Sidney Davis ("Davis"), the sole non-diverse defendant, fail to state a cause of action under Texas law. Defendant therefore removes this action pursuant to 28 U.S.C. § 1332 as complete diversity exists between the proper parties.

## II.
## BACKGROUND

2.      Plaintiff First Matlock, L.L.C. (hereinafter "Plaintiff") is a Texas Domestic Limited Liability Company whose principal place of business is located in Tarrant County,

Texas. On information and belief all members of Plaintiff are citizens of Texas.

3. Plaintiff owns a commercial property located at 2561 Matlock Rd., Arlington, 76014. Defendant issued a Premier Business Owner's Policy to Plaintiff, Policy No. ACP BPOK 3016710727 (the "Policy"), which generally covers commercial building identified above.

4. Plaintiff made an insurance claim for alleged damage to the Property from an April 13, 2016 weather event, the adjustment of which gave rise to this action. Plaintiff initiated the present action by filing its Original Petition in Cause No. 236-292176-17, in the 239th Judicial District of Tarrant County, Texas on May 18, 2017 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**. Defendant appeared and answered on June 16, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

5. Plaintiff alleges that Davis is a resident of the State of Texas who participated in adjusting Plaintiff's insurance claim. Plaintiff alleges that Davis "conducted and/or adopted a substandard investigation and inspection of the subject property, prepared a report and estimate that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection," resulting in underpayment of Plaintiff's claim. **Exhibit A** at ¶¶ 11-12. Based upon these alleged facts, Plaintiff asserts claims against Davis for alleged violations of the Texas DTPA and the Texas Insurance Code. Tex. Ins. Code. *Id*. at ¶¶ 18 – 23. Plaintiff alleges Davis's conduct was done knowingly, entitling Plaintiff to exemplary damages. *Id*. at ¶ 25. Defendant does not admit the underlying facts as alleged by Plaintiff, and expressly denies any liability.

6. Under application of Federal pleading standards the sparse factual allegations against Davis fail to state a cause of action under Texas law. Davis is therefore improperly

joined, and his citizenship may be disregarded for the purpose of establishing diversity jurisdiction. This action is therefore removable pursuant to 28 U.S.C. § 1332 as complete diversity exists between the proper parties.

7. This Notice of Removal is filed within 30 days of service of Plaintiff's Original Petition on Defendant, and is therefore timely under 28 USC § 1446.

8. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 236th Judicial District of Tarrant County, Texas.

9. Pursuant to 28 USC § 1446(a), all process, pleadings, and orders in the State Court Action served on Defendant and not otherwise specifically identified as separate exhibits have been incorporated in **Exhibit A**. Pursuant to Local Rule 81.1(a)(4), a full copy of the State Court file and docket sheet is attached as **Exhibit C**.

10. Consent to removal is not required from improperly or fraudulently joined parties. *See* Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 2003).

## II.
## JURISDICTION

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

12.     Plaintiff is a Texas Domestic Limited Liability Company whose members are citizens of the state of Texas and whose principal place of business is located in Tarrant County, Texas. Therefore, Plaintiff is a citizen of the State of Texas.

13.     Nationwide Property and Casualty is organized under the laws of Ohio and maintains its principal place of business in Columbus, Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the State of Ohio.

14.     Davis is a Texas resident; however, Davis's citizenship should be disregarded as he has been improperly joined to this action.

15.     A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse.[1] Because Davis is nondiverse, only the latter option is relevant.

16.     A non-diverse defendant will be found to have been improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[2] Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[3] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain sufficient factual matter, accepted as true, to

---

[1] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

[2] *Id.* at 200; citing *Smallwood v. Ill. *193 Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

[3] *Id.*

state a claim to relief" under Texas law.[4] In undertaking its decision, courts are to apply Federal pleading standards to the asserted state court claim.[5] A plaintiff's obligation to provide the "grounds" for "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[6] Put simply; the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7] In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.[8] When the allegations that Texas DTPA and Insurance Code claims are based upon allegations or causes of action involving misrepresentation, the fraud pleading standards of Fed. R. Civ. P. 9(b) apply.[9]

17.   Plaintiff asserts claims against Davis for violations of the Texas DTPA and the Texas Insurance Code. Tex. Ins. Code.[10] In doing so, Plaintiff employs form allegations which are not substantively tailored to the facts of this case. Those form allegations fail to describe with particularity the circumstances constituting fraud or misrepresentation, and fail to plead enough facts to state a claim to relief that is plausible on its face. Under the 12(b)(6)-type analysis of *Smallwood* and the application of Federal pleadings standards, Plaintiff fails to assert a claim to relief under Texas law against Davis. As such, Davis has been improperly joined to

---

[4] *Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

[5] *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 200-208 (5th Cir. 2016).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[7] *Id.* at 570.

[8] Fed. R. Civ. P. 9(b)

[9] *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 965 (E.D. Tex. 2011); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

[10] **Exhibit A** at *Id. at ¶¶ 18 – 23*.

this action. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

18.     Plaintiff's Original Petition states that Plaintiff "currently seeks monetary relief over $200,000, but not more than $1,000,000." *See* Plaintiff's Original Petition, **Exhibit A**, ¶ 5. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

19.     Plaintiff further seeks compensation for (1) actual damages, (2) treble damages, (3) 18% penalty interest attorney's fees, (4) mental anguish damages, (5) pre and post-judgment interest, and (6) attorney's fees. *See* **Exhibit A**. Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling it to a trebling of actual damages under Texas Insurance Code Chapter 541. *See* **Exhibit A,** ¶ 25; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[11]

20.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

21.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

---

[11] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

6

22.     WHEREFORE, Defendant Nationwide Property and Casualty Insurance Company and hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Lauren L. Burgess
Texas Bar No. 24082751
lburgess@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone: (512) 476-7834
Facsimile:  (512) 476-7832

**ATTORNEYS FOR DEFENDANT NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY AND SIDNEY DAVIS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 19th day of June, 2017.

Charlie C. Gustin                                          *9414 7266 9904 2061 9266 38*
Richard D. Daly
Daly & Black, P.C.
2211 Norfolk Street, Suite 800
Houston, Texas 77098
rdaly@dalyblack.com
ecfs@dalyblack.com
cgustin@dalyblack.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp